QUINONES v DEPARTMENT OF SOCIAL SERVICES

Docket No. 97470. Submitted April 21, 1988, at Grand Rapids. Decided August 18, 1988.

Benefits under the Aid to Families with Dependent Children of the Unemployed program were denied for Guadalupe Quinones and her children, Guadalupe, Rafael and Blanca Quinones, following a hearing before a referee of the Department of Social Services. The Quinoneses were ruled ineligible on the basis of a determination that Guadalupe's husband and the children's father, the primary wage earner of the family, is an illegal alien who, based on his status as an illegal alien, is barred from participating in a job training program required of a family's primary wage earner for the family to be eligible for benefits. Guadalupe Quinones, as next friend of her children, petitioned the Kent Circuit Court for review. The court, Robert A. Benson, J., affirmed the decision of the DSS. Petitioner appealed.

The Court of Appeals *held:*

Legal residence or citizenship is not required for participation in the job training program at issue in this case. Thus, the DSS erred in determining that petitioner's husband is barred from the program and that petitioner and her children are not eligible for Aid to Families with Dependent Children of the Unemployed benefits on the basis of Mr. Quinones' ineligibility from participation in the program.

Reversed.

SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN OF THE UNEMPLOYED — ALIENS.

Legal residence or citizenship is not required for participation in the job training program required of a family's primary wage earner under the Aid to Families with Dependent Children of the Unemployed program; benefits under the program may not be denied to the spouse and dependent children of an illegal

REFERENCES

Am Jur 2d, Aliens and Citizens §§ 2088, 2089.

Supreme Court's views as to construction and application of Aid to Families with Dependent Children (AFDC) provisions of Social Security Act. 84 L Ed 2d 917.

alien, which spouse and dependents are citizens or legal residents of the United States, where the alien was improperly ruled ineligible from participation in the training program on the basis of his status as an illegal alien (42 USC 607).

*Michigan Migrant Legal Assistance Project, Inc.* (by *Gary N. Gershon*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard T. O'Neill,* Assistant Attorney General, for respondent.

Before: WEAVER, P.J., and McDONALD and W. R. PETERSON,* JJ.

PER CURIAM. This is an appeal as of right from a circuit court affirmance of the decision of a hearing officer of the Department of Social Services upholding a DSS determination that the claimant family was ineligible for Aid to Families with Dependent Children of the Unemployed (AFDC-U). The determination of ineligibility was based on the fact that the unemployed husband and father, the primary wage earner of the family, is an undocumented alien, i.e., he is an illegal alien who does not meet certain alien status requirements under federal law.

There is no dispute as to the facts. Mrs. Quinones and her children are United States citizens. They live with the husband/father as a family. The husband/father is an illegal alien. The significance of his status lies in respondent's claim that illegal aliens are barred for the job training or job placement program which is a prerequisite for AFDC-U eligibility.

Petitioner contends that the purpose of Congress in creating AFDC-U is to provide the public assistance necessary to maintain needy children in

* Circuit judge, sitting on the Court of Appeals by assignment.

their home; that, there being no clear intent to exclude citizen children of an alien parent, the act must be construed to provide benefits where otherwise appropriate; and, that if the act were to be construed as contended by respondent, it would deny petitioner equal protection under the laws under US Const, Am XIV. It would, indeed, be peculiar to attribute to the Congress the intent not merely to exclude illegal alien adults from AFDC-U benefits, but also to deny such benefits to citizen children merely by the accident of their birth to an illegal alien parent. In support of her claim, petitioner cites *Doe v Reivitz,* 830 F2d 1441 (CA 7, 1987), a decision which we find persuasive as to the interpretation to be given the federal Social Security Act.

AFDC-U was created by the Congress in 1961[1] as a supplement to the Aid to Families with Dependent Children (AFDC) program established under Title IV-A of the Social Security Act of 1935.[2] AFDC established a system of federal-state financing and administration whereby a participating state must conform to federal statute and regulations, *King v Smith,* 392 US 309, 333, n 34; 88 S Ct 2128; 20 L Ed 2d 1118 (1968), and essentially provided for assistance where a child had been deprived of one or both parents. The related AFDC-U program added in 1961 was intended to broaden eligibility for assistance beyond the children of a lost parent to include children of an unemployed parent.[3] It did so conditionally, however, thus expressing, inter alia, a purpose to motivate an unemployed parent to return to employment.

[1] 42 USC 607.

[2] 42 USC 603 *et seq.*

[3] Originally a temporary program, AFDC-U was extended by Pub L 87-543 (1962), Pub L 88-641 (1964), Pub L 90-36 (1967) and was finally made a permanent part of AFDC in 1968 by Pub L 90-248 (1967).

This later purpose of providing an impetus to the unemployed to seek work was expanded by Pub L 90-248 through the creation of a work incentive and training program (WIN)[4] and the requirement that the unemployed AFDC recipient participate therein. That purpose was further pursued and a stick was added to the carrot by provisions in the 1981 Omnibus Budget Reconciliation Act (OBRA), Pub L 97-35, limiting AFDC-U eligibility to those families in which the "principal wage earner" is unemployed and *denying eligibility to the entire family* if the principal wage earner does not participate in WIN.[5]

OBRA added another policy consideration by amending § 402(a) of the Social Security Act to prevent illegal aliens from receiving AFDC benefits, 42 USC 602(a)(33),[6] and also adding language which respondent says allows only AFDC recipients to participate in the WIN program.[7] Respondent's position, then, is that to be eligible for AFDC-U, the

[4] 42 USC 630 *et seq.* The federally approved WIN program in Michigan is the Michigan Opportunity and Skills Training program.

[5] Pub L 97-35, § 2313; 95 Stat 853 (1981). 42 USC 607(b)(2)(C)(i); 42 USC 602(a)(19)(F). In contrast, a family wage earner, other than the parent who is the principal earner, who fails to participate in the job training or registration has his or her *share* of welfare benefits denied but benefits continue for the rest of the family.

[6] Pub L 97-35, § 2320; 95 Stat 857 (1981).

[7] 42 USC 630.

> The purpose of this part is to require the establishment of a program utilizing all available manpower services, including those authorized under other provisions of law, *under which individuals receiving aid to families with dependent children* will be furnished incentives, opportunities, and necessary services in order for (1) the employment of such individuals in the regular economy, (2) the training of such individuals for work in the regular economy, and (3) the participation of such individuals in public service employment, thus restoring the families of such individuals to independence and useful roles in their communities. It is expected that the individuals participating in the program established under this part will acquire a sense of dignity, self-worth, and confidence which will flow from being recognized as a wage-earning member of society and

principal wage earner must participate in the WIN program; that to be eligible to participate in the WIN program, one must be eligible for AFDC-U. Ergo, since illegal aliens are ineligible for AFDC-U benefits, they are ineligible for WIN and therefore the personal ineligibility of the illegal alien for AFDC-U is converted into ineligibility for his entire family without regard to their citizenship status. The otherwise eligible family of the unemployed illegal alien parent is, by this reasoning, treated the same as the family of the unemployed citizen parent[8] who refuses to participate in the WIN program.

Apart from the questionable validity of this circular logic whereby the individual ineligibility of the principal wage earner is converted into family ineligibility, the syllogism rests on a false premise, viz., that a person must be eligible for AFDC-U in order to register for a WIN program. The language of 42 USC 630 is merely the prefatory statement of purposes which does not mandate that eligibility for WIN be conditioned upon the principal wage earner's being eligible for AFDC-U, or, indeed, that WIN programs are confined to those who are principal wage earners. Some sections of the act create specific work programs for which individual eligibility is expressly conditioned upon AFDC-U eligibility,[9] but that merely shows that where Congress has chosen to impose such a condition, it has done so clearly. To the contrary, there is no such condition in the sections

that the example of a working adult in these families will have beneficial effects on the children in such families. [Emphasis added.]

[8] Assuming, of course, that each is the principal wage earner of the family.

[9] E.g., 42 USC 614(c)(2); 42 USC 632a(b); 42 USC 645(b)(1)(B).

dealing generally with the WIN program.[10] Neither is there any statutory provision conditioning registration for WIN programs on citizenship or approved immigration status.

We therefore concur with petitioner that respondent's denial of AFDC-U benefits violates petitioners' entitlement under the Social Security Act. This reading of the statute makes it unnecessary for us to consider the constitutional question. We note, however, the following language of Justice Powell in *Plyler v Doe,* 457 US 202, 239, n 3; 102 S Ct 2382; 72 L Ed 2d 786 (1982):

> If the resident children of illegal aliens were denied welfare assistance, made available by government *to all other children who qualify,* this also—in my opinion—would be an impermissible penalizing of children because of their parents' status. [Emphasis added.]

We further note that the Michigan Supreme Court recently dealt with a similar issue in a similar manner in *El Souri v Dep't of Social Services,* 429 Mich 203; 414 NW2d 679 (1987).

Reversed.

---

[10] The hearing officer herein relied on DSS Policy Eligibility Manual (PEM), Item 210, as requiring that the needs of the entire family unit must be considered and that *therefore,* since the father was personally ineligible as an illegal alien, the entire family unit was ineligible. That conclusion does not follow from PEM, Item 210, and is contrary to PEM, Item 225, which provides:

> The presence in the home of a person who does not meet the citizenship/alien status factor does not prohibit other persons in the home from applying for and receiving program benefits. However, the income and assets of such disqualified persons may have to be considered in determining the eligibility for and amount of benefits of other persons in the home.